UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James B. Weersing, # 273527, | ) **C/A No. 8:09-0088-MBS-BHH** |
| Petitioner, | ) |
| vs. | ) **Report and Recommendation** |
| Leroy Cartledge, Warden McCormick Correctional Institution, | ) |
| Respondent. | ) |

## Background of this Case

This is a habeas corpus action filed pursuant to 28 U.S.C. § 2254. The petitioner is confined at the McCormick Correctional Institution. On March 15, 2001, in the Court of General Sessions for Laurens County, the petitioner pled guilty to criminal sexual conduct with a minor, lewd act on a minor, and sexual exploitation of a minor (Indictment Nos. 00-GS-30-721, -722, and -723), and was sentenced to one hundred (100) years in prison. No direct appeal was filed. On April 29, 2002, the petitioner filed an application for post-conviction relief (Case No. 2002-CP-30-400). The Court of Common Pleas dismissed the PCR application on March 18, 2005. The petitioner (or his counsel) filed a Rule 59(e) motion on April 11, 2005. According to the petitioner's answers on page 4 (pre-printed page 5), the Rule 59(e) motion was denied on May 9, 2006. According to the petitioner,

1

the Supreme Court of South Carolina denied certiorari in the PCR case on January 10, 2008.

Since the petition in this case is untimely, the undersigned, in an order (Entry No. 6) filed in this case on January 20, 2009, directed the petitioner to submit a motion to proceed *in forma pauperis* or pay the five-dollar filing fee and to submit Answers to the Court's Special Interrogatories. The petitioner has done so. Hence, the above-captioned case is now "in proper form."

In his Answers to Court's Special Interrogatories (Entry No. 9), the petitioner contends that his petition is timely because he filed it on January 9, 2009, which was within one year of the date (January 10, 2008) on which the Supreme Court of South Carolina denied certiorari in the post-conviction case.

**Discussion**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings and the Form AO 240 (motion to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

With respect to his convictions and sentences, the petitioner's sole federal remedies are a writ of habeas corpus under either 28 U.S.C. § 2254 or 28 U.S.C. § 2241, which remedies can be sought only after the petitioner has exhausted his state court remedies. "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Beard v. Green*, 523 U.S. 371, 375 (1998) (citing *Wainwright v. Sykes*, 433 U.S. 72 (1977)). *See also* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit*

---

[2] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

*Court*, 410 U.S. 484, 490-91 (1973); *Picard v. Connor*, 404 U.S. 270 (1971); *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3rd Cir. 1986) (exhaustion required under § 2241). Although the petitioner has exhausted his state court remedies, the petition in the above-captioned case is clearly untimely.

The "delivery" date of the instant petition is January 9, 2009. *Houston v. Lack*, 487 U.S. 266, 270-76 (1988) (prisoner's pleading was filed at moment of delivery to prison authorities for forwarding to District Court). The petition and exhibits show the following periods of untolled time:

>March 26, 2001[3] to April 29, 2002
>
>January 24, 2008[4] to January 9, 2009

Hence, the petitioner has at least two years and one month of untolled time. This aggregate time period exceeds the one-year statute of limitations required by the AEDPA's amendments to Title 28. 28 U.S.C. § 2244(d). Therefore, the present petition is time-barred and should be dismissed on that basis. *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002).[5] *See also Day v. McDonough*, 547 U.S. 198 (2006). *Cf. Rogers v. Isom*, 709

---

[3]In calculating the first period of untolled time, the undersigned is excluding the ten-day period for filing a timely direct appeal. *I.e.*, the conviction did not become "final" until the period for filing a timely direct appeal expired.

[4]The petitioner indicates that the Supreme Court of South Carolina denied certiorari on January 10, 2008. The date of the remittitur from the Supreme Court of South Carolina is not disclosed in the petition, but it can be judicially noticed that the remittiturs are, typically, issued between a day and two weeks after the decision. Hence, in calculating the limitations period and construing matters in a manner most favorable to the petitioner, the undersigned is assuming that the remittitur was issued no earlier than January 24, 2008.

[5]The petitioner's response (Answers to Court's Special Interrogatories [Entry No. 9]) to the order of January 20, 2009, and his right to file objections to this Report and
(continued...)

F. Supp. 115, 117 (E.D. Va. 1989) (civil rights case: "A determination of frivolousness on the basis of affirmative defenses is appropriate even though no responsive pleadings have been filed.").[6]

### Recommendation

Accordingly, it is recommended that the § 2254 petition be dismissed *with prejudice and without requiring the respondent to file a return* because the petition is clearly untimely under the one-year limitations provision of the AEDPA, 28 U.S.C. § 2244(d). *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) ("However, a petition may be summarily dismissed if the record clearly indicates that the

---

(...continued)
Recommendation **constitute the petitioner's opportunities to object to a dismissal of this petition based on the statute of limitations.** *Hill v. Braxton*, 277 F.3d at 707 (habeas case; timeliness may be raised *sua sponte* if evident from face of pleading, but petitioner must be given warning and opportunity to explain before dismissal). *Cf. Bilal v. North Carolina*, 287 Fed.Appx. 241, 2008 U.S. App. LEXIS 15458, 2008 WL 2787702 (4th Cir., July 18, 2008).

[6]The United States Court of Appeals for the Fifth Circuit has commented on the purpose and effect of statutes of limitations:

> Limitations statutes, however, are not cadenced to paper tidiness and litigant convenience. Time dulls memories, evidence and testimony become unavailable, and death ultimately comes to the assertion of rights as it does to all things human.

*United States v. Newman*, 405 F.2d 189, 200 (5th Cir. 1969) (citation omitted from quotation).

petitioner's claims are either barred from review or without merit."); *Baker v. Marshall*, 1995 U.S.Dist. LEXIS 4614, *2-*3, 1995 WL 150451 (N.D. Cal., March 31, 1995) ("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996.  The petitioner's attention is directed to the important notice on the next page.

                                 s/Bruce Howe Hendricks
                                 United States Magistrate Judge

February 23, 2009
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).