IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| James B. Weersing, | ) Civil Action No.: 8:09-88-JMC-BHH |
| Petitioner, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) **OF MAGISTRATE JUDGE** |
| Leroy Cartledge, Warden McCormick Correctional Institution, | ) |
| Respondent. | ) |

The Petitioner, a state prisoner, seeks habeas relief pursuant to Title 28, United States Code, Section 2254. This matter is before the Court on the Petitioner's Motion for Temporary Restraining Order. (Dkt. # 54).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)©, D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The Petitioner brought this habeas action on January 9, 2009.[1] On July 2, 2010, the Respondent moved for summary judgment. By order filed July 6, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On August 31, 2010, the Petitioner filed 65 pages of various documents with the court without any argument or memorandum and a request for the Court to provide him with two copies of the documents along with the return of the

---

[1] This filing date reflects that the envelope containing the petition was stamped as having been received on January 09, 2009, at the McCormick Correctional Institution mailroom. (Pet. Attach.# 1.) *Houston v. Lack*, 487 U.S. 266 (1988)(holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court).

originals. (Dkt. # 57.)[2]  The undersigned ordered the originals be returned to the Petitioner, but not any copies. (Dkt. # 55.)

The Petitioner has not responded to the Respondent's Summary Judgement Motion. Instead, on September 1, 2010, the Petitioner filed a Motion for a Temporary Restraining Order. (Dkt. # 54). In this motion, the Petitioner alleges he has been denied copies and access to the law library at the McCormick Correctional Institution ("MCI") and the delivery of his legal mail has been delayed sometimes by as much as 72 hours despite "law"which he states requires mail to be delivered within 24 hours of it arriving at the prison.

It is well-settled that a preliminary injunction is an extraordinary form of relief that is to be granted only if no adequate remedy at law exists, and the movant establishes a clear entitlement to relief. *See In re Microsoft Corp. Antitrust Litig,* 333 F.3d 517, 524-26 (4th Cir. 2003). Fed.R.Civ.P. 65(b)(1)(A). Rule 65 of the Federal Rules of Civil Procedure requires a showing of "specific facts in an affidavit or a verified complaint [that] clearly show that [he will suffer] immediate and irreparable injury, loss or damage" in order for a temporary restraining order to issue. The Supreme Court has set forth four factors which the Petitioner must establish in order to be granted preliminary injunctive relief: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities is in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, --- U.S. ----, 129 S.Ct. 365 (2008).

The Petitioner's claims can be properly raised in a complaint under 42 U.S.C. § 1983 after he has exhausted his administrative remedies. *See Leamer v. Fauver,* 288 F.3d 532, 544 (3d Cir. 2002) ("[U]nless the claim would fall within the 'core of habeas' and require

---

[2]This filing was originally docketed as a response to the Respondent's Summary Judgment Motion. However, upon closer examination, it became apparent, the Petitioner was merely seeking to have the court provide him with copies of the material and the docket was corrected to reflect this.

2

sooner release if resolved in the plaintiff's favor, a prison confinement action such as this is properly brought under § 1983."); 42 U.S.C. § 1997e(a). *See also Dandar v. Krysevig*, 371 Fed.Appx. 251 (3rd Cir. 2010). The Petitioner's claim for injunctive relief, as pled, must be raised in a civil rights action under 42 U.S.C. § 1983, rather than in this § 2254 habeas proceeding.

In any event, the undersigned notes that the Petitioner's claims, as pled, would probably not succeed. To establish a violation of his constitutional right to access, the Petitioner must show "actual injury," defined as "actual prejudice with respect to contemplated or existing litigation, such as inability to meet a filing deadline or present a claim." *Lewis v. Casey*, 518 U.S. 343, 348 (1996)(citation and internal quotations omitted). In this case, the Petitioner alleges that he is not allowed enough time to research in the MCI's law library, he is being denied paper and copies, and his legal mail delivery is delayed. However, he does not allege that he has suffered any actual injury. Here, at most, the Petitioner speculates as to some possible, non-specific, future injury.

Wherefore, it is RECOMMENDED that the Petitioner's Motion for a Temporary Restraining Order (Dkt. # 54) be DENIED. If the District Court adopts this report, the Plaintiff shall have thirty days after the Court's order to respond to the Respondent's Summary Judgment Motion.

IT IS SO RECOMMENDED.

                                        s/Bruce Howe Hendricks
                                        United States Magistrate Judge

September 21, 2010
Greenville, South Carolina

**The Petitioner's attention is directed to the important notice on the next page.**