IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| James B. Weersing, | ) Civil Action No.: 8:09-88-JMC-BHH |
| Petitioner, | ) |
| | ) **O R D E R** |
| vs. | ) |
| | ) |
| Leroy Cartledge, Warden McCormick Correctional Institution, | ) |
| | ) |
| Respondent. | ) |

The Petitioner, a state prisoner, seeks habeas relief pursuant to Title 28, United States Code, Section 2254. This matter is before the Court on the petitioner's motion for recusal. (Doc. # 61).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) DSC, all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

The petitioner contends the undersigned is biased based upon the rulings the court has made in this case. However, a party's disagreement with a judge's rulings in its case does not afford a basis for disqualification under the statutes governing recusal and disqualification of judges. Both 28 U.S.C. §§ 144 and 455(b)(1) require disqualification on the basis of a personal bias or prejudice harbored by the judge against or in favor of one of the parties. To warrant disqualification, this personal bias must generally derive from an extrajudicial source and not be based on "conduct which arises in a judicial context." *Lewis v. Tuscan Diary*, 25 F.3d 1138, 1141 (2d Cir.1994) (quotation omitted). As the United States Supreme Court has instructed, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted). Accordingly, the petitioner's motion for recusal is

DENIED.

IT IS SO ORDERED.

s/Bruce Howe Hendricks
United States Magistrate Judge

September 23, 2010
Greenville, South Carolina