**UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

| | | |
|---|---|---|
| James B. Weersing, | ) | |
| | ) | |
| Petitioner, | ) | C.A No.: 8:09-cv-00088-JMC |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Leroy Cartledge, Warden, McCormick Correctional Institution, | ) ) ) | |
| Defendants. | ) | |

James B. Weersing ("Petitioner"), a state prisoner proceeding *pro se*, brings this suit seeking habeas corpus relief under 28 U.S.C. § 2254. This matter is before the court on Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction. [Doc. # 54]. The Magistrate Judge's Report and Recommendation [Doc. # 59], filed on September 21, 2010 recommends that Petitioner's Motion for a Temporary Restraining Order be denied. After reviewing the motion, memoranda, the Report and Recommendation and the applicable law, the court **DENIES** Petitioner's Motion for Temporary Restraining Order.

**STANDARD OF REVIEW**

The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation herein without a recitation. The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight.

1

The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Plaintiff was advised of his right to file objections to the Report and Recommendation [Doc. # 59-1, at 1]. Plaintiff filed objections [Doc. # 67] to the Magistrate Judge's Report and Recommendation on October 13, 2010.

In her Report and Recommendation, the Magistrate Judge identifies the law governing preliminary injunctions. A preliminary injunction is an extraordinary form of relief that is to be granted only if no adequate remedy at law exists, and the movant establishes a clear entitlement to relief. *See In re Microsoft Corp. Antitrust Litig.,* 333 F.3d 517, 524-26 (4th Cir. 2003). Fed. R. Civ. P. 65(b)(1)(A) requires a showing of "specific facts in an affidavit or a verified complaint [that] clearly show that [he will suffer] immediate and irreparable injury, loss or damage" in order for a temporary restraining order to issue. The United States Supreme Court has set forth four factors that the Petitioner must establish in order to be granted preliminary injunctive relief: "that he is likely to succeed on the merits; that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, --- U.S. ----, 129 S.Ct. 365, 374 (2008).

The Magistrate Judge also explained that Petitioner's claims can be properly raised in a complaint under 42 U.S.C. § 1983 after he has exhausted his administrative remedies. *See Leamer v. Fauver,* 288 F.3d 532, 544 (3rd Cir. 2002) ("[U]nless the claim would fall within the 'core of habeas' and require sooner release if resolved in the plaintiff's favor, a prison confinement action

such as this is properly brought under § 1983."); 42 U.S.C. § 1997e(a); *See also Dandar v. Krysevig*, 371 Fed.Appx. 251 (3rd Cir. 2010). Accordingly, Petitioner's claim for injunctive relief, as pled, must be raised in a civil rights action under 42 U.S.C. § 1983, rather than in this § 2254 habeas proceeding.

In addition to noting that Petitioner could properly raise his claims in a complaint under 42 U.S.C. § 1983 after exhausting administrative remedies, the Magistrate Judge found that Petitioner's claims, as pled, would probably not succeed because to establish a violation of his constitutional right to access, the Petitioner must show "actual injury," defined as "actual prejudice with respect to contemplated or existing litigation, such as inability to meet a filing deadline or present a claim." *Lewis v. Casey*, 518 U.S. 343, 348 (1996) (citation and internal quotations omitted). In this case, the Petitioner alleges that he is not allowed enough time to conduct research in the MCI's law library; that he is being denied paper and copies; and that delivery of his legal mail is delayed. However, he does not allege that he has suffered any actual injury. Here, at most, the Petitioner speculates as to some possible, non-specific, future injury.

Petitioner makes eight objections to the Magistrate Judge's Report and Recommendation. [Doc. # 67]. Objections one through three concern the sixty-five (65) pages of documents Petitioner filed with the court in addition to his request for the return of two copies in addition to the originals. However, Petitioner's first objection is overruled because he did not comply with the Clerk of Court's Copy Policy as explained to him in a letter sent from the U.S. District Court Clerk's office. [Doc. # 67-2, at 1]. Under that policy, copies of docket entries cost $.50 per page, or Petitioner has the option of sending an original and a copy along with a self-addressed stamped envelope to the Clerk of Court after which the court will return the copy to Petitioner once the copy has been date stamped. In his second objection, Petitioner seems to take issue with what he calls the Magistrate

Judge's misunderstanding of his request for copies as discussed in his first objection.  Again, the court notes that Petitioner did not receive the copies because he did not comply with the Clerk of Court's Copy Policy; therefore, the court overrules Petitioner's second objection.  As for Petitioner's third objection, the court again notes that once Petitioner complies with the Clerk of Court's Copy Policy, he will receive the copies that he believes are necessary to enable him to answer Respondent's Motion for Summary Judgment within the thirty-day period from the date of this court's order as explained in the Report and Recommendation.  Consequently, the court overrules Petitioner's third objection.

Objections four through eight are, in effect, Petitioner's arguments why he has established the elements necessary for a Preliminary Injunction despite the Magistrate Judge's conclusions to the contrary.  But as the Magistrate Judge explained, Petitioner cannot seek a Preliminary Injunction under his Habeas Corpus claims until he has exhausted his administrative remedies. [Doc. # 59, at 2].  Once he has done so, he may pursue the Preliminary Injunction under 42 U.S.C. § 1983.

For the foregoing reasons, the Court adopts the Magistrate Judge's Report and Recommendation.  The Petitioner's Motion for a Temporary Restraining Order [Doc. # 54] is **DENIED** without prejudice.  The Petitioner shall have thirty (30) days from the date of this order to respond to the Respondent's Motion for Summary Judgment.

    **IT IS SO ORDERED.**

                                         s/ J. Michelle Childs
                                         United States District Judge

December 29, 2010
Greenville, South Carolina