IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| James B. Weersing,            )<br>                                         )<br>              Petitioner,     )<br>                                         )<br>       vs.                          )<br>                                         )<br>Leroy Cartledge, Warden McCormick )<br>Correctional Institution,            )<br>                                         )<br>              Respondent.   ) | Civil Action No.: 8:09-88-JMC-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

The Petitioner, a state prisoner, seeks habeas relief pursuant to Title 28, United States Code, Section 2254. This matter is before the Court on the Respondent's Motion for Summary Judgment (Dkt. # 30) and the Petitioner's Motion to Expand the Record (Dkt. # 79).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(C), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The Petitioner brought this habeas action on January 9, 2009.[1] On July 2, 2010, the Respondent moved for summary judgment. By order filed July 6, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On January 24, 2011, the Petitioner filed several documents, including a motion to expand the record and a brief and memorandum. (Dkt. # 79, 80, 81, and 82.) Then, on January 28, 2011, the Petitioner filed a response opposing the Respondent's Summary Judgment Motion. (Dkt. # 83.)

---

[1]This filing date reflects that the envelope containing the petition was stamped as having been received on January 9, 2009, at the McCormick Correctional Institution mailroom. (Pet. Attach.# 1.) *Houston v. Lack*, 487 U.S. 266 (1988)(holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court).

## PROCEDURAL HISTORY

The Petitioner is currently confined at the McCormick Correctional Institution ("MCI"). In October 2000, the Petitioner was indicted for two counts of 1st degree criminal sexual conduct ("CSC") with a minor, two counts of committing or attempting to commit a lewd act upon a child under sixteen, and seven counts of sexual exploitation of a minor. (App. 206-15). The Petitioner was represented by William G. Mayer. On March 15, 2001, the Petitioner pled guilty to the charges and Circuit Court Judge Gary E. Clary, sentenced him to thirty years on each of the CSC convictions, fifteen years on each of the lewd act convictions, and ten years on each of the sexual exploitation convictions. (App. 48-50.) The sentences for the CSC the lewd act convictions were ordered to run consecutively. *Id.* The sentences for the sexual exploitation convictions were to be served concurrent to one another and consecutive to the Petitioner's other convictions. *Id.* The Petitioner's overall sentence was 100 years. *Id.*

On March 23, 2001, the Petitioner filed a notice of intent to appeal his guilty plea, which the South Carolina Court of Appeals dismissed on April 27, 2001, due to the failure of the Petitioner to timely order the transcript. (Return Attach. # 4 and 5.) On May 1, 2002, the Petitioner filed an application for post-conviction relief ("PCR"). (App. 52-60.) The Petitioner alleged his plea counsel was ineffective because trial counsel: failed to use due diligence in investigating; failed to make several requested pretrial and plea motions; failed to fully instruct the Petitioner of the ramifications of the plea bargain offer; did not understand important aspects of law; and failed to inform the Petitioner on the law. (App. 58.) The Petitioner also alleged that trial counsel refused to provide him with his case file. *Id*. Additionally, the Petitioner alleged that the trial judge was biased because he made prejudicial statements, allowed illegal or unconstitutional evidence to be introduced, and failed to consider mitigating circumstances regarding the Petitioner's sentence. *Id*. Finally, the Petitioner alleged a claim of cruel and unusual punishment because his sentences were

grossly disproportionate to the offenses or were unusually long in comparison to other cases. *Id.*

On January 10, 2005, a hearing was held before Circuit Court Judge Wyatt T. Saunders. (App. 64-196.) The Petitioner was present and was represented by Clyde L. Pennington, Jr. *Id.* On March 22, 2005, the PCR Court denied the Petitioner PCR. On April 11, 2005, the Petitioner filed a pro se Rule 59(e) Motion to Alter or Amend the PCR Order. On May, 9, 2006, the PCR Court denied the Petitioner's Rule 59(e) motion.

On June 10, 2006, the Petitioner filed a notice of appeal. On July 7, 2006, the South Carolina Supreme Court dismissed the Petitioner's appeal but reinstated it on July 11, 2006. On appeal, the Petitioner was represented by Deputy Chief Appellate Defense Attorney Wanda H. Carter. Carter filed a *Johnson* petition raising the following issue: Trial counsel erred in entertaining the advice of an attorney (in effect co-counsel) in the case when said attorney based his opinion upon inadequate investigations in the case. The Petitioner also filed a pro se response to the *Johnson* Petition raising numerous issues. On January 10, 2008, the South Carolina Supreme Court dismissed the PCR appeal and granted counsel's request to withdraw. The Remittitur was sent down on January 28, 2008.

In this federal habeas action, the Petitioner raises the following grounds for relief, quoted verbatim:

> **Ground One**: Ineffective Assistance of Trial Counsels resulted in unknowing and unintelligent guilty plea
>
> **Supporting Facts**: Counsel failed to Motion for suppression of evidence due to lack of probable cause; failed to address issues of unlawful denial of bail and faulty indictments. Failed to interview alledged victim or favorable witnesses. Failed to investigate and produce mitigation evidence for sentencing phase. Trial Attn. Mayer unlawfully interfered with discovery process for PCR. Failures denied grounds for Direct Appeal. Note Attn. Steele admitted to no investigation.
>
> **Ground Two**: Judicial Abuses of Discretion and substantial Errors of Law at various stages of Process
>
> **Supporting Facts**: Magistrates signed warrents without establishing probable cause and unlawfully denied bail and

> right to speak in own defense. Trial Judge Cleary based sentencing on unsubstantiated claims of prosecution, failed to notice and or advise defendant of law on multiplicious indictments and double jeopardy, sentencing defendant to 100 years did not fit severity of crime. PCR Judge Saunders disregarded established laws and facts, also disallowed character evidence, yet based ruling on character. Note S.C. Supreme Court failed to leave record sufficient for review.
>
> **Ground Three**: Violation of Petitioners Due Process Rights throughout state court judicial process
> **Supporting Facts**: Trial Attn. withheld discovery materials. PCR Attn. failed to communicate, investigate, file requested motions, produce evidence in court, ammend application or file appeal; all required by law. PCR Judge forced ineffective attn. on petitioner, failed to rule on lawfully filed motions, granted continuance to nonparty, ignored discovery abuses, ruled in error on trust issue, threw out issues, ignored state default.

(Habeas Pet. 5-8.)

## APPLICABLE LAW

**Summary Judgment Standard**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and

ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

**HABEAS STANDARD OF REVIEW**

Since the petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2).

Federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light

of the evidence presented in the state court proceedings," 28 U.S.C.A. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410.

**EXHAUSTION AND PROCEDURAL BAR**

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

A. Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254 , which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B) (I) there is either an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement

> unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court. The United States Supreme Court has consistently enforced the exhaustion requirement.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. SCAR 207; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). The second avenue of relief is by filing an application for PCR. S.C. Code Ann. § 17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. S.C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977); *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983).

B. Procedural bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, *Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case. *Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

### C. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997)(citing *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991); *Teague v. Lane*, 489 U.S. 288, 297-98 (1989); and *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996).

### D. Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). In order to have such claims considered, a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. 478. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.*

Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. *United States v. Frady*, 456 U.S. 152 (1982).

## **DISCUSSION**

The Respondent contends that this habeas petition is barred by the statute of limitations. The undersigned agrees.

The Petitioner pled guilty on March 15, 2001, and his direct appeal was dismissed by the South Carolina Court of Appeals on April 27, 2001, for the failure to order a transcript. The remittitur was issued on May 16, 2001. Therefore, the AEDPA one year statute of limitations began to run on May 17, 2001, the date after his conviction became final and the Petitioner had 365 days to file for habeas relief. The Petitioner filed for PCR on May 1, 2002, after 350 days had run leaving the Petitioner fifteen days within which to file this habeas action. The Petitioner's PCR appeal was dismissed on January 10, 2008, and the remittitur was sent down on January 28, 2008. Thus, the statute of limitations began to run again on January 29, 2008, and the Petitioner had fifteen days remaining within which to file a federal habeas petition. However, the Petitioner did not file this habeas petition until January 9, 2009. Accordingly, the statute of limitations ran prior to the Petitioner filing this habeas action. Therefore, the Petitioner's claims are barred.

Although not captioned as such, the Petitioner has filed a specific response to the Respondent's statute of limitations argument. (DKt. # 80 Attach. # 1.)[2] The Petitioner states that he waited 13 months to file his PCR application because he was unable to conduct discovery and/or obtain his case file from his guilty plea attorney. *Id.* Thus, he argues he is entitled to equitable tolling.

First, as discussed above, the undersigned clarifies that the Petitioner's one year period to file for federal habeas relief had not run when he filed his state PCR application. In fact, the Petitioner had fifteen days remaining to file this habeas action once his PCR

---

[2]The undersigned notes that the Petitioner also argues in his response to this summary judgment motion that it is irrational to allow the federal statute of limitations period to run when a federal habeas action cannot be filed because of state exhaustion requirements. (Pet'r's Mem. Opp. Summ. J. Mot. at 5.) However, as explained in this report, the federal habeas one year statute of limitations time period does not run while a defendant is exhausting his state court remedies.

ended. In any event, a delay in receiving a transcript or his file from his plea attorney would not support the application of equitable tolling. *Nobles v. Stancil,* 2011 WL 127244 (E.D..N.C. 2011). *See also Hodge v. Greiner*, 269 F.3d 104 (2nd Cir. 2001) (holding state post-conviction motion to obtain discovery to develop claim, does not toll statute); *Lloyd v. Van Natta*, 296 F.3d 630, 633-34 (7th Cir. 2002) (finding motion for transcript does not toll and state's failure to provide transcript does not qualify for equitable tolling); *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001) (finding lack of transcript does not preclude petitioner from commencing federal habeas and does not warrant equitable tolling); *Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir. 2002) (holding state's delay in providing transcript to petitioner does not toll statute); *Glasso v. Bruton,* 255 F.3d 492, 495 (8th Cir. 2001) (holding equitable tolling does not provide relief for delay in receipt of transcript). Accordingly, the Petitioner's habeas petition is time barred.

## CONCLUSION

Wherefore, it is RECOMMENDED that the Respondent's Motion for Summary Judgment (Dkt. # 30) be GRANTED and the habeas petition be DISMISSED with prejudice.

IT IS FURTHER RECOMMENDED, if the District Court judge adopts this report, that the Petitioner's Motion to Expand the Record (Dkt. # 79) also be DENIED, as moot.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks  
United States Magistrate Judge

February 1, 2011  
Greenville, South Carolina

**The Petitioner's attention is directed to the important notice on the next page.**