**UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

| | |
|---|---|
| James B. Weersing ) | |
| ) | |
| Petitioner, ) | C.A. No.: 8:09-cv-00088-JMC |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Leroy Cartledge, Warden McCormick ) | |
| Correctional Institution ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on Respondent Leroy Cartledge's ("Respondent") Motion for Summary Judgment [Doc. 30] and Petitioner James B. Weersing's Motion to Expand the Record. [Doc. 79]. Weersing, a state prisoner proceeding *pro se*, filed a habeas corpus petition under 28 U.S.C. § 2254. [Doc. 1]. The Magistrate Judge's Report and Recommendation [Doc.85], filed on February 1, 2011, recommends that Respondent's Motion for Summary Judgment be granted and that Weersing's Motion to Expand the Record be denied as moot. The Magistrate Judge also recommends that Weersing's petition be dismissed with prejudice as untimely. The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's Report and Recommendation herein without a recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423

U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C.§ 636(b)(1).

After reviewing the Magistrate Judge's Report and Recommendation, the record, the applicable law and Weersing's objections, the court adopts the Magistrate Judge's Report and Recommendation, **GRANTS** Respondent's Motion for Summary Judgment, **DENIES** Weersing's Motion to Expand the Record as moot and **DISMISSES** Weersing's habeas corpus petition with prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

The court incorporates the Magistrate Judge's discussion of the procedural history of this case. [Doc. 85, at 2-4]. However, the court states below its findings related to the timeline of events that occurred during the pendency of Weersing's appeals and application for post conviction relief ("PCR").

## DISCUSSION

### I.     Summary Judgment Standard

To prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *See Id.* at 257. In determining

2

whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue to survive summary judgment. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *See Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *See Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

**II.    Analysis**

Weersing alleges, as grounds for his habeas petition, ineffective assistance of trial counsel which resulted in an unknowing and unintelligent guilty plea, judicial abuses of discretion and substantial errors of law at various stages of process, and violation of his due process rights throughout the state court judicial process. [Doc. 1].

Weersing timely filed objections to the Magistrate Judge's Report and Recommendation on the pending motions. [Doc. 89]. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United*

3

*States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that the majority of Weersing's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. However, the court was able to discern specific objections to certain portions of the Magistrate Judge's Report and Recommendation. Though Weersing's objections are lengthy, the court discerns that, as far as his specific objections are concerned, they essentially address two subjects: (1) discrepancies in the timeline of events during the course of his post conviction state court proceedings and (2) denial of access to his case file.

Upon review of the record in this case, the court now addresses its findings with respect to the timeline of events relevant to Weersing's post conviction procedures. On March 15, 2001, Weersing pled guilty to his state court charges. [Doc. 1, at 1]. On March 23, 2001, Weersing filed a Notice of Intent to Appeal. [Doc. 31-5, at 1]. On April 27, 2001, the South Carolina Court of Appeals filed an Order of Dismissal in which it dismissed Weersing's appeal for failure to timely order transcripts related to his case. [Doc. 31-6, at 1]. The Court of Appeals issued a Remittitur on May 16, 2001. [Doc. 31-7]. One day later, on May 17, 2001, the statute of limitations began to run thereby giving Weersing one (1) year to file a habeas corpus petition. 28 U.S.C. § 2244 (d)(1)(A).

On May 1, 2002, Weersing filed an Application for Post Conviction Relief. *See* [Doc. 31-8]. Once he filed this application, Weersing had fifteen (15) days of untolled time remaining to file his habeas petition.

Subsequently, on March 18, 2005, the Court of Common Pleas, Laurens County, filed an Order of Dismissal, which dismissed with prejudice Weersing's Application for Post Conviction Relief. [Doc. 31-10, at 11-12]. In its order, the Court of Common Pleas notified Weersing that he had thirty (30) days to "secure appellate review." [Doc. 31-10, at12]. On April 11, 2005, Weersing filed a Motion to Alter or Amend Judgment Per Rule 59(e). [Doc. 31-11, at 1]. On May 9, 2006, the clerk of the Supreme Court of South Carolina sent a letter to Weersing informing him that his motion to amend was dismissed. [Doc. 31-12]. On June 10, 2006, Weersing filed a Notice of Intent to Appeal [Doc. 31-14] which was dismissed on July 7, 2006 [Doc. 31-15] and then reinstated on July 11, 2006 [Doc. 31-16].

Finally, by Order of the South Carolina Supreme Court dated January 10, 2008, the Court denied Weersing's appeal related to the denial of his Application for Post Conviction Relief. [Doc. 31-20]. On January 28, 2008, the Court issued a Remittitur. [Doc. 31-21]. The statute of limitations began to run again on January 29, 2008, leaving Weersing with fifteen (15) days of untolled time remaining to file a habeas petition. However, Weersing did not file his habeas petition until almost one year later on January 15, 2009. [Doc. 1].

The court discerns Weersing's central arguments as they relate to discrepancies in the Magistrate Judge's discussion of the post conviction timeline to be that the Magistrate Judge provided no rationale for the discrepancies in her two Report and Recommendations [Docs. 13, 85] and that in accepting certain dates as material to the statute of limitations, the Magistrate Judge was biased in favor of Respondent. Based on the court's review of the record and its analysis of the

5

relevant timeline, the court finds that Weersing's arguments are unpersuasive and that his habeas petition is in fact untimely.[1]

Weersing's other specific objections address his claim that he was not able to obtain his case file from the attorney who represented him when he pled guilty. [Doc. 89, at 1, 5, 6, 7].  Similarly, as the Magistrate Judge noted [Doc. 85, at 10], in his Amendment To Habeas Corpus Application and Response to Motion for Summary Judgment [Doc. 80], "[Weersing] states that he waited 13 months to file his PCR application because he was unable to conduct discovery and/or obtain his case file from his guilty plea attorney.  Thus, he argues he is entitled to equitable tolling." [Doc. 85, at 10]; [80-1, at 2].

By contrast, Respondent argues that Weersing fails to show that the cognizable claims in his habeas petition could not have been discovered through the exercise of due diligence and that Weersing's reliance upon his assertion that counsel would not provide him with his file is without merit. Respondent points out that Weersing was able to file his PCR Application without the benefit of prior discovery and that he did not seek to amend his PCR application at any point during its pendency in state court.  Respondent concludes by arguing that Weersing cannot show that any of the claims raised in his habeas petition were not discoverable until after he filed his PCR Application.  The court agrees.

"The 1 year limitation period of Section 2244(d)(1) quite plainly serves the well-recognized interest in the finality of state court judgments." *Duncan v. Walker*, 533 U.S. 167, 179 (2001).  While the United States Court of Appeals for the Fourth Circuit has held that the AEDPA statute of limitations is subject to equitable tolling, *See Harris v. Hutchinson*, 209 F.3d 325, 330-31 (4th Cir.

---

[1] The discrepancies are minor and do not overcome the fact that Weersing waited almost a year to file his federal habeas petition despite the fact that he had only two weeks of untolled time remaining.

2000), it also underscored the very limited circumstances where equitable tolling will be permitted. *See Rouse v. Lee*, 339 F.3d 238-246 (4th Cir. 2003) (en banc). The limits on equitable tolling stem from the fact that "Congress enacted AEDPA to reduce delays in execution of state and federal criminal sentences, particularly capital cases...and to further principles of comity, finality and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003)(internal citations and quotation marks omitted).

"To be entitled to equitable tolling, [Weersing] must show '(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted) (holding petitioner was not entitled to equitable tolling when at the time he neglected to file timely, and the law was not questionable where federal circuits were in agreement petitioning U.S. Supreme Court for certiorari did not toll habeas corpus statute of limitations). The requirement that he prove he was prevented from timely filing by extraordinary circumstances, which were beyond his control or external to his own conduct, does not, for example, include the failure of his attorney to advise him of the statute of limitations or mis-advice from counsel. *Id.* ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the post-conviction context where prisoners have no constitutional right to counsel"). The U.S. Supreme Court has noted that far more serious instances of attorney misconduct may warrant equitable tolling, if the circumstances are extraordinary. *See Holland v. Florida*, 130 S. Ct 2549, 2563-64 (2010). *See also Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) (rejecting equitable tolling where petitioner alleged lack of legal knowledge and legal resources).

Furthermore, the Magistrate Judge cited cases generally standing for the proposition that "a delay in receiving a transcript or file from his plea attorney would not support equitable tolling."

7

[Doc. 85, at 11]; *see Hodge v. Greiner*, 269 F.3d 104 (2nd Cir. 2001); *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001); *Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001); *Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir. 2002); *Lloyd v. Van Natta*, 296 F.3d 630, 633-34 (7th Cir. 2002); *Nobles v. Stancil*, 2011 WL 127244 (E.D.N.C. 2011).

In his objections [Doc. 89, at 6-7], Weersing endeavors to distinguish the cases cited above. Weersing begins by noticing that while *Nobles*, 2011 WL 127244, at *1, "may be on point, [he] is unable to access it." [Doc. 89, at 6]. As to his inability to access *Nobles*, the court in *Cross-Bey* held that a lack of legal resources did not give rise to equitable tolling. *See Cross-Bey,* 322 F.3d at 1015. Nevertheless, the court in *Nobles* held that a delay in receiving files did not give rise to "extraordinary circumstances demanding equitable tolling of the one year period of limitations." *Nobles*, at 2011 WL 127244 at, *4.[2]

In addressing the remaining cases cited by the Magistrate Judge, Weersing argues that the cases are distinguishable essentially because they involve requests for transcripts whereas his requests were for his case file. [Doc. 89, at 78]. In Weersing's view, this distinction is significant.

---

[2]The court acknowledges that certain facts in *Nobles* might appear to weigh in Weersing's favor despite the fact that the court held that the petitioner was not entitled to equitable tolling. *Nobles*, 2011 WL 127244, at *4. For example, the petitioner in *Nobles* made a request by letter to his attorney indicating his desire for case documents. *Id.* Unlike Weersing's plea attorney in the instant case, the attorney in *Nobles* indicated a "complete willingness to turn over the records." *Id.* The court in *Nobles* also stated that at the time the petitioner wrote his letter and filed his motion for production of documents, the statute of limitations had expired. *Id.* In the instant case, Weersing claims that he made his first request for the production of his file prior to the expiration of the statute of limitations and filed his motion to compel discovery on April 29, 2002, also before the statute of limitations expired. [Doc. 80-1, at 2]. Ultimately, the court in *Nobles* granted the state's motion to dismiss the petitioner's habeas petition as untimely but allowed the petitioner's motion to amend. *Nobles*, 2011 WL 127244, at *5. Yet despite these distinguishing facts, this court maintains that Weersing's inability to access his case file does not give rise to the kind of extraordinary circumstances which would justify equitable tolling. *See id.* at *4.

But any difference between transcripts and files does not overcome the fact that Weersing fails to show that his lack of access to his file prevented him from asserting cognizable claims both in his timely filed application for PCR relief or in his untimely filed petition for habeas corpus.

Consequently, Weersing has not put forth sufficient facts to support his application of equitable tolling. First, his failure to attempt to amend his PCR application during its pendency does not demonstrate that he has pursued his rights diligently. Second, Weersing has not established that his inability to access his case file is an extraordinary circumstance which prevented him from timely filing his habeas petition. Therefore, Weersing's habeas claims are barred under 28 U.S.C. § 2244(d)(1).

The Magistrate Judge recommended that Weersing's Motion to Expand the Record [Doc. 79] be denied as moot. [Doc 85, at 11]. The court has considered the motion and the attached documents and exhibits.[3] The court finds that the attached documents and exhibits do not raise a genuine issue with respect to the required showing, on Weersing's part, that his attorney's failure to provide his case file was an extraordinary circumstance justifying equitable tolling. *See Lawrence*, 549 U.S. at 336. Weersing's Motion to Expand the Record is therefore dismissed as moot.

## CONCLUSION

For the foregoing reasons, the court adopts the Magistrate Judge's Report and Recommendation. [Doc. 85]. Accordingly, it is hereby **ORDERED** that Respondent's Motion for Summary Judgment [Doc. 30] is **GRANTED**, and Weersing's Motion to Expand the Record [Doc.

---

[3] Some of the exhibits attached to Weersing's motions were titled affidavits although they were not sworn. *See, e.g.,* [Doc. 80-13, Affidavit of Ercell McGlohon]. However, this court may only consider those affidavits that are either sworn or declared true under penalty of perjury. *See Geter v. Powers*, 2008 WL 5245321, at *1 (D.S.C. Dec. 16, 2008) (the court may not consider statements that were not sworn or made under penalty of perjury.)

79] is **DENIED** as moot.  Weersing's petition for writ of habeas corpus [Doc. 1] is hereby **DISMISSED** with prejudice.

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

s/ J. Michelle Childs
United States District Judge

April 21, 2011
Greenville, South Carolina

10